CHIEF JUSTICE GRAY,
dissenting.
¶13 I respectfully dissent from the Court’s opinion and the results reached therein. I would affirm the District Court’s determination that no constitutional violations occurred.
¶14 I agree with the Court that the issue before us is “[w]hether the District Court erred when it denied Parpart’s challenge to the constitutionality of the initial ten-year driver’s license suspension by the Thirteenth Judicial District, Yellowstone County, and two subsequent ten-year suspensions by the Department of Justice, Motor Vehicle Division.” I am altogether puzzled by the remainder of the Court’s opinion, however. The Court’s discussion and analysis is totally statutory; the stated constitutional issue is never resolved. Not a single word of constitutional analysis is presented which agrees or disagrees with the District Court’s conclusion that no constitutional violation occurred.
¶15 I raise this problem because, on the procedural facts of this case, it is my view that only the constitutional issue is properly before us; consequently, only a constitutional analysis can resolve the case. The reason is that Parpart did not appeal the Thirteenth Judicial District Court’s denial-in 2000-of his motion for an order reinstating his driver’s license on the basis that he had served his sentence and been discharged. Nor did he timely appeal from-or bring any action relating to-the Department’s subsequent revocations in 2000 and 2001. In such direct appeals, the Court properly could-and would-have performed the statutory analysis set forth in the Court’s opinion here.
¶ 16 In the present case, however, Parpart’s action in the First Judicial District Court asserted that the initial and subsequent revocations of his driver’s license were unconstitutional on due process, equal protection and restoration of rights bases. Parpart sought to have the revocations rescinded, not merely to have the District Court disagree with the Thirteenth Judicial District Court’s decisions of years ago. The First Judicial District Court rej ected the constitutional arguments, determining that no constitutional violations occurred. The resolution of this appeal, from that decision, cannot properly be premised on a *187 statutory analysis which Parpart waived by not appealing the earlier actions of the Thirteenth Judicial District Court.
¶17 By its opinion in this case, I believe the Court undercuts the importance of the direct appeal process on which our system of justice is based, and dispenses with the requirement that issues not raised on appeal are waived. I simply cannot follow that path.
¶18 Absent a constitutional basis for reversing the District Court on a constitutional issue, it is my view that we cannot at this time undo what has been done, and must affirm the trial court. I would do so.
JUSTICE NELSON joins in the foregoing dissenting opinion.